# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

WESLEY G. ALDRIDGE               PETITIONER

v.            CIVIL ACTION NO. 5:17-CV-P18-GNS

BILL ADAMS, JAILER               RESPONDENT

## MEMORANDUM OPINION

*Pro se* Petitioner Wesley G. Aldridge initiated this action on February 13, 2017, by filing a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. At the time of filing, Petitioner indicated he was incarcerated at McCracken County Jail. However, Court documents mailed to that address were returned to the Court as undeliverable (DNs 11, 12, 18, 22, 24, & 25). On June 21, 2017, the Court entered an Order noting that in the response to the petition, Respondent indicated that Petitioner was now incarcerated at Graves County Jail (DN 26). Thus, the Court directed the Clerk of Court to update Petitioner's address of record to reflect his incarceration at Graves County Jail and to send Petitioner's returned mail to that address. On July 5, 2017, the mail sent to Petitioner at Graves County Jail was returned in an envelope marked, "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 27). Thus, it appears that Petitioner is no longer housed at any address which has been provided to the Court. Therefore, neither orders from this Court nor filings by Respondent can be served on him. Further, Petitioner has not taken any action in this case since March 7, 2017, when he filed his petition on a Court-supplied form, an application to proceed without the prepayment of fees, and a prison trust account statement (DNs 4, 5 & 6).

Upon filing the instant action, Petitioner assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se

litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.[1] *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

---

[1] Rule 12 of the Rules Governing Section 2254 Cases states, "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Because Petitioner has failed to comply with this Court's Local Rules by failing to provide written notice of his current address, and because he has failed to take any action in this case since March 7, 2017, the Court concludes that he has abandoned any interest in prosecuting this case and will dismiss the action by separate Order.

Date: July 10, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Petitioner, *pro se*
     Respondent
     Magistrate Judge Lanny King
4416.011